UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KENLEE GALVEZ,                                    :
                Plaintiff,               :
                                  :
v.                                                :
                                  :
WESTCHESTER COUNTY; CORRECT CARE     :
SOLUTIONS, LLC; WELLPATH MEDICAL     :
SERVICES; RAUL ULLOA, Medical Director;  :
and ALEXIS GENDELL, M.D.,             :
                Defendants.              :
------------------------------------------------------------x

**OPINION AND ORDER**

19 CV 3630 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/2020

Briccetti, J.:

Plaintiff Kenlee Galvez, proceeding pro se and in forma pauperis, brings this action

pursuant to 42 U.S.C. § 1983 against defendants Westchester County; Correct Care Solutions,

LLC ("CCS"); Wellpath Medical Services ("Wellpath"); Medical Director Dr. Raul Ulloa; and

Dr. Alexis Gendell. Plaintiff alleges defendants were deliberately indifferent to his serious

medical needs and denied him due process in violation of the Fourteenth Amendment.

Now pending is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6).

(Doc. #16).

For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted

leave to file an amended complaint, as specified below.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as

summarized below.

Plaintiff is a pre-trial detainee at the Westchester County Department of Correction ("WCDOC") facility in Valhalla, New York.  According to plaintiff, he has suffered from multiple psychiatric disorders since childhood.  Plaintiff alleges such disorders include, but are not limited to, attention deficit hyperactivity disorder ("ADHD"), depression, and anxiety. Plaintiff alleges he treated these disorders with medication prior to his incarceration.  In addition, plaintiff alleges he has been hospitalized because of his psychiatric disorders on multiple occasions.

Plaintiff alleges that since being confined to WCDOC, he has not received any form of psychiatric treatment despite repeated requests for such treatment.  He claims he wrote to sick call several times to seek psychiatric treatment.  He also claims he wrote to Drs. Ulloa and Gendell.  According to plaintiff, in an encounter in a hallway in WCDOC, Drs. Gendell and Ulloa acknowledged receiving his letters and promised to answer him, but neither doctor ever responded to plaintiff's letters.

Further, plaintiff alleges that on or around March 15, 2019, he attempted to submit a grievance to non-party Sergeant Ashterman regarding the denial of psychiatric care, but Sergeant Ashterman told him, "We have too many grievances!  No!  [I]'m not taking that" and refused to accept plaintiff's grievance.  (Doc. #2 ("Compl.") at ECF 5).[1]

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v.

---

[1]    "Doc. #__ at ECF __" refers to document numbers and page numbers automatically assigned by the Court's Electronic Case Filing system.

Iqbal, 556 U.S. 662, 679 (2009).[2]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

---

[2]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

II.     Documents Considered

Defendants argue plaintiff's medical records while housed as a pre-trial detainee in WCDOC are integral to the complaint and should be considered on this motion to dismiss.

The Court disagrees.

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). To incorporate a document by reference, a complaint "must make a clear, definite and substantial reference to the document[]." DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). "A mere passing reference or even references, however, to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself." Williams v. Time Warner Inc., 440 F. App'x 7, 9 (2d Cir. 2011) (summary order).[3]

"Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111. The Court also may consider materials subject to judicial notice, but not for the truth of the matters asserted in those materials. Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008).

Here, defendants argue the "records of treatment while housed at the jail are integral to [plaintiff's] claim because he claims he has received no psychiatric care whatsoever." (Doc. #16-5 at ECF 9). Defendants do not, however, point to anything in the complaint that would

---

[3]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

indicate plaintiff has "relie[d] heavily upon [the] terms and effect" of the medical records. DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111. Nor does the Court discern any such reliance in the complaint. Moreover, the medical records are not incorporated by reference into the complaint.

Accordingly, the Court will not consider on the instant motion the medical records attached to defendants' submission.

III.    Deliberate Indifference to Serious Medical Needs Claim

Defendants argue plaintiff fails to state a claim for deliberate indifference to his serious medical needs.

The Court agrees.

A.    Legal Standard

"A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). To state such a claim, plaintiff's allegations must satisfy two prongs: an objective prong and a mens rea prong. Namely, plaintiff must plausibly allege "that the challenged conditions were sufficiently serious," and defendants "acted with at least deliberate indifference to the challenged conditions." Id.

To plead the objective prong, a pretrial detainee must plausibly allege the challenged conditions, "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." Darnell v. Pineiro, 849 F.3d at 30. "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." Id.

In the context of medical care, two inquiries determine whether a deprivation is objectively serious. "The first inquiry is whether the prisoner was actually deprived of adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). Because prison officials' "duty is only to provide reasonable care," prison officials are liable only if they fail "'to take reasonable measures' in response to a medical condition." Id. at 279–80 (quoting Farmer v. Brennan, 511 U.S. 825, 847 (1994)).

The second inquiry is "whether the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d at 280. This question "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Id. (citing Helling v. McKinney, 509 U.S. 25, 32–33 (1993)). If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." Id. Relevant factors in determining "the seriousness of the medical condition include whether 'a reasonable doctor or patient would find [it] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" Id. (quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)).

"Depending on their severity, psychiatric or psychological conditions can present serious medical needs in light of our contemporary standards." Charles v. Orange County, 925 F.3d 73, 86 (2d Cir. 2019) (citing Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000)). "The serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." See id. (citing Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)). "In most cases, the actual medical consequences that flow from the denial of care are highly relevant in determining whether the denial of treatment subjected the detainee to a

significant risk of serious harm." Id. (citing Smith v. Carpenter, 316 F.3d 178, 187 (2d Cir. 2003)).

To plead the mens rea prong, a pretrial detainee must plausibly allege "that the defendant-official acted intentionally . . . , or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known," of the risk.  Darnell v. Pineiro, 849 F.3d at 35.  The Fourteenth Amendment's mens rea prong "is defined objectively" and "can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Id.

"[D]istinguishing between negligent and reckless medical care is a difficult task, especially at the motion-to-dismiss stage where courts lack the benefit of expert opinion." Zhang v. City of New York, 2018 WL 3187343, at *8 (S.D.N.Y. June 28, 2018).  Courts often look to the "degree of risk associated with the negligent treatment" and have found the mens rea prong satisfied when a plaintiff did not receive treatment for a documented condition or complaint.  See id. (collecting cases).

"It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to" a constitutional violation.  Chance v. Armstrong, 143 F.3d at 703.  "Thus, disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

B.    Application

Here, plaintiff does not plausibly allege his condition was objectively serious.

Although plaintiff alleges he specifically communicated to Drs. Gendell and Ulloa his request for mental health treatment and that he did not receive any such treatment, plaintiff fails plausibly to plead factual allegations to suggest his medical condition was sufficiently serious. He does not, for instance, allege how his alleged psychiatric conditions affected his daily activities or whether such conditions caused him chronic and substantial pain.  Nor does he provide factual allegations regarding the severity of his alleged mental disorders.  The only allegation he makes regarding the seriousness of his psychiatric conditions while in WCDOC is that he had "deterio[r]ating medical condition/psychiatric conditions."  (Compl. at ECF 6).  This conclusory statement cannot withstand a motion to dismiss.

Moreover, plaintiff's allegations regarding his prior hospital stays and medications, without more, fail adequately to plead that his condition while in WCDOC was sufficiently serious such that denial of treatment of the same constitutes a constitutional violation.

To be sure, plaintiff's allegation that he has not been given any treatment for mental health issues—if true—is a troubling one.  However, plaintiff's complaint does not contain allegations sufficient to sustain a constitutional claim.  Accordingly, plaintiff's deliberate indifference to serious medical needs claim must be dismissed.

IV.    Grievance Procedure Claim

Defendants also argue to the extent plaintiff alleges a claim concerning the grievance procedure, such claim should be dismissed because it does not rise to the level of a constitutional violation.

The Court agrees.

8

"[I]nmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983." Cancel v. Goord, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001). "Indeed, any claim that plaintiff[] [was] deprived of [his] right to petition the government for redress is belied by the fact of [his] bringing this lawsuit." Alvarado v. Westchester County, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014).

Accordingly, any claim for an insufficient grievance procedure must be dismissed.

V.      Monell Claim

To the extent plaintiff alleges a claim against Westchester County for failing to oversee CCS and Wellpath and against CCS and Wellpath for a pattern of denying pre-trial detainees proper and adequate medical care, such claims also fail.

First, plaintiff has not adequately pleaded an underlying violation of his constitutional rights; thus, his Monell claims against Westchester County, CCS, and Wellpath must be dismissed. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (district court "was entirely correct" in declining to address Monell claim after finding no underlying constitutional violation). Moreover, Section 1983 liability cannot be predicated on a theory of respondeat superior. See City of Canton v. Harris, 489 U.S. 378, 385 (1989).

VI.     State Law Claims

Defendants argue the Court should either dismiss or decline to exercise supplemental jurisdiction over any state law claims asserted in the complaint.

The Court agrees.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

9

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims that may be construed from plaintiff's complaint.

VII.   <u>Leave to Amend</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to <u>pro se</u> litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." <u>Matima v. Celli</u>, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [a <u>pro se</u> complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Cuoco v. Moritsugu</u>, 222 F.3d at 112. But "a futile request to replead should be denied." <u>Id</u>.

Here, because a liberal reading of plaintiff's complaint indicates a valid Fourteenth Amendment claim <u>might</u> be stated for deliberate indifference to his serious medical needs, and as plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead his deliberate indifference claims **<u>to the extent he can do so clearly, concisely, truthfully, and plausibly</u>**.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1.      describe all relevant events, stating the facts that support plaintiff's case, including what each individual defendant did or failed to do;

2.      include a clear explanation of **what health issues plaintiff has had while incarcerated at WCDOC and any health issues he attributes to any untimely or improper medical treatment**;

3.      include any details explaining why plaintiff believes defendants untimely or improperly treated him;

4.      give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

5.      describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries he suffered as a result of those acts or omissions; and

6.      include any facts regarding the existence of an official Westchester County, CCS, or Wellpath policy or custom that caused the deprivation of a constitutional right.

Essentially, the body of plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

**Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint all information necessary for his claims.** However, plaintiff is directed to include in his amended complaint only those facts and documents he believes plausibly support a violation of the Fourteenth Amendment.

**CONCLUSION**

Defendants' motion to dismiss the complaint is GRANTED. However, plaintiff is granted leave to file an amended complaint as to his Fourteenth Amendment deliberate indifference to medical needs claims in accordance with the instructions above.

Plaintiff shall file his amended complaint by no later than July 27, 2020. He shall use the amended complaint form attached to this Opinion and Order.

**If plaintiff fails to file an amended complaint or seek additional time to do so by July 27, 2020, the Court will deem plaintiff to have abandoned this case and will direct the Clerk to enter judgment in defendants' favor and close the case.**

The Clerk is instructed to terminate the motion. (Doc. #16).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: May 26, 2020
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. 19 CV 3630 (VB )

(To be filled out by Clerk's Office)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial             Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                        State             Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

          First Name          Last Name          Shield #

          Current Job Title (or other identifying information)

          Current Work Address

          County, City          State          Zip Code

Defendant 2:

          First Name          Last Name          Shield #

          Current Job Title (or other identifying information)

          Current Work Address

          County, City          State          Zip Code

Defendant 3:

          First Name          Last Name          Shield #

          Current Job Title (or other identifying information)

          Current Work Address

          County, City          State          Zip Code

Defendant 4:

          First Name          Last Name          Shield #

          Current Job Title (or other identifying information)

          Current Work Address

          County, City          State          Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

Page 5

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                        Plaintiff's Signature

_____
First Name                          Middle Initial          Last Name

_____
Prison Address

_____
County, City                               State                     Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____

Page 6